IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHELSEA L. DAVIS**

v.

**MCKOOL SMITH P.C. et al**

                                        Civ. Action No. _____
                                        Lead Case No. 3:14-cv-3975 into which all prior cases/civil action numbers are consolidated, including 3:14-cv-4190-B and severed from the sealing matters in each one, including 3:14-cv-4190-N

**Emergency Motion to Stay Enforcement of Alleged "Order" and Notice of Appeal; Petition To Quash Administrative Summons, if any**

      I file this emergency motion to stay enforcement of all alleged "orders" allegedly entered by the Board of Disciplinary Appeals which appear to deny my plea to the jurisdiction and appear to grant Susan Farris's motion to compel production and destruction of the originals and all copies of my medical records and all court records, if any.  I contest the orders are orders because I was present for any proceeding, it appears that no petition has yet been filed by the Chief Discplinary Counsel (only by Leslie Ware's lawyer Angeline Bain) and the orders are not signed by any person authorized to sign orders. The "orders" show a line scribble above the word Chairman which fails to match Ben Selman's signature. No name is shown on the document indicating any person who signed the alleged "order."  I object to panel composition, failure to hear en banc and failure to provide de novo review. I object to transfers. I object to the District Disability Committee acting on behalf of the Board of Disciplinary Appeals and vice versa.  I object to the Chief Disciplinary Counsel acting on behalf of the Board of Disciplinary

1

Appeals and vice versa. I object to Susan Farris acting on behalf of the Chief Disciplinary Counsel. I object to lack of appointment of a court. I object to lack of appointment of a panel. I incorporate by reference herein all of my objections that I have filed under all of the various cause numbers consolidated herein in this "case" and in all proceedings if there are any proceedings on appeal and for which I request de novo review.  I include facts only for the limited purpose of granting the relief requested in this motion of a stay of enforcement or vacatur as void of any interlocutory orders of the Board of Disciplinary Appeals and District Disability Committee.

The "parties" to which this attempted action and/or appeal relates is the State Bar of Texas.  The Commission for Lawyer Discipline, Board of Discplinary Appeals, Susan Farris and District Grievance Committee are not parties.

*Legal Standard*

To obtain a stay of an injunctive requirement, I must show a likelihood that I will succeed on appeal, that I will suffer irreparable injury if a stay is not granted, that granting the stay would not substantially harm other parties, and that granting the stay would serve the public interest. *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981), cert. denied, 103 S. Ct. 1438 (1983).

*Procedural History*

I, plaintiff, Chelsea L. Davis, initiate this action against the State Bar of Texas and Board of Disciplinary Appeals pursuant to 42 U.S.C. § 1983, alleging that its alleged order to obtain the originals of and cause the destruction of all copies of my medical records violates the Establishment Clause of the First Amendment to the United States Constitution, my right to privacy, my right to prevent unlawful takings of my property, etc.  I allege that the State Bar of

2

Texas and Board of Disciplinary Appeals has acted under color of law to deprive me of my constitutional rights guaranteed by the First and Fourteenth Amendments thereby violating 42 U.S.C. § 1983. I seek a declaratory judgment stating that the actions violated the Constitution's Establishment Clause, a permanent injunction requiring the State Bar of Texas and Board of Disciplinary Appeals to refrain from obtaining a copy and the originals of my medical records,

I request the State Bar of Texas and Board of Disciplinary Appeals to pay my attorney's fees and expenses within ten days of the entry of Final Judgment.

Susan Farris appears to have filed a motion to intervene on behalf of an entity. Federal Rule of Civil Procedure 24 authorizes two types of intervention: mandatory intervention (or "intervention of right") and permissive intervention. FED. R. CIV. P. 24(a) & (b).

Mandatory intervention is permitted (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. FED. R. Crv. P. 24(a). I contest that the State Bar of Texas has alleged that a federal statute affords it an unconditional right to intervene in this action; therefore, Rule 24(a) (1) does not apply. To intervene as of right pursuant to Rule 24(a)(2), an applicant must satisfy the following four requirements:

(1) the application for intervention must be timely;

(2) the applicant must have an interest relating to the property or transaction that is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair its ability to protect that interest;

(4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (citing *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999)).

Failure to satisfy any of these requirements precludes mandatory intervention. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc) (citing Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994)); *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir.), cert. denied, 108 S. Ct. 72 (1987). The inquiry under subdivision (a) (2) is a flexible one, "which focuses on the particular facts and circumstances surrounding each application . [and] must be measured by a practical rather than technical yardstick." *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991) (concluding that, practically speaking, the disposition of the action in question was not likely to impair the interests articulated by the prospective intervenor) .

Alternatively, upon timely application, a party may be entitled to permissive intervention (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. FED. R. CIV. P. 24 (b). Permissive intervention "is wholly discretionary with the [district] court . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.) (en banc), cert. denied sub nom., *Morial v. United Gas Line Co.*, 105 S. Ct.

434 (1984). After making the threshold determination that the proposed intervenor raises a common "question of law or fact," and before exercising its discretion, the court should consider two factors:

(1) whether other parties adequately represent the intervenors' interests; and

(2) whether intervention will unduly delay the proceedings or prejudice existing parties.

*Kneeland*, 806 F.2d at 1289.

*Argument and Analysis*

To succeed on the first Ruiz element I must "present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz*, 650 F. 2d at 565. I have made such a showing. My motion shows I have presented a substantial case on the merits.

As evidence of irreparable injury, I argue that release and destruction of my records might moot my appeal. A court may grant a stay if injunctive relief were ordered lest the unsuccessful litigant be deprived of his appellate rights by complying with the court's injunction. In this case compliance with the injunctive requirement of the alleged order will moot the appeal because if I succeed in my appeal, the status quo ante cannot be reestablished by ordering tat the records be returned to the hospital after chain of possession is destroyed and my records are not reliable medical records.

As to the third element, staying the court's injunction would not substantially harm the Board of Disciplinary Appeals or District Disability Committee. There is no allegation as of yet that I pose any threat of harm to clients or potential clients. I seek to deter a continuing violation of my First Amendment rights and other Constitutional rights. The fact that the Board of

Disciplinary Appeals has violated womens' rights for years does not mean that the violation should be allowed to continue. Moreover, granting a stay serves the public interest. The public has an interest in ensuring that all parties are required to comply with the law, especially lawyers and judges and especially laws aimed at protecting women from domestic violence and sexual assault and those protecting privacy and security of mental health and other medical records. The law requires that the State Bar of Texas and Board of Disciplinary Appeals comply with this court's jurisdiction, injunction and pending successful relief through the appellate process.

I also request that I not be required to post a supersedeas bond in order to obtain a stay of the monetary requirement of any sanctions or pre-filing order. Under Texas law, lawyers are not required to post a supersedeas bond or pay costs of disciplinary actions and appeals; perfection of an appeal automatically supersedes the monetary requirements of a judgment. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); Enriquez v. Hooten, 857 S.W.2d 153 (Tex. App. -- El Paso 1993, orig. proceeding). Accordingly, I will not be required to post a supersedeas bond in order to obtain a stay of the monetary requirement of any sanctions or pre-filing order. I timely file a notice of appeal and pursue my appeals, and thus the monetary requirement, if any, is stayed.

I argue that the Board of Disciplinary Appeals or Chief Disciplinary Counsel or Susan Farris is not entitled to mandatory intervention pursuant to Rule 24(a)(2) and the Court should not allow permissive intervention pursuant to Rule 24(b)(2), and that the court not should grant it leave to intervene for purposes of appeal. The action into which Susan Farris seeks to intervene may relate back to 2010, 2011 or at least prior to the filing of a grievance against me by McKool Smith P.C. In addition, Susan Farris lacks standing to intervene where there is no pending case or controversy before the Board of Disciplinary Appeals and where there has been no allegation

that I suffer from a disability to such an extent that I pose a threat of irreparable harm to clients or potential clients. The State Bar of Texas or another only intervened in my attempted lawsuit to thwart my lawsuit and to cause the destruction of my evidence to prevent me from using my evidence to prove my damages against McKool Smith P.C., Leslie Ware, Samuel Baxter and Harlan Crow,

Not enjoining the Board of Disciplinary Appeals and Susan Farris will cause the conversion of my property.

When the putative representative of an interest is a government entity, two presumptions of adequate representation arise. *See Edwards*, 78 F.3d at 1005. First, where the governmental entity is charged by law with representing the interests of the absentee, a presumption of adequate representation arises if the prospective intervenor is a citizen or subdivision of the governmental entity. *Id.* It is unclear whether the Board of Disciplinary Appeals is a subdivision of the State Bar of Texas. To overcome any presumption, I show that its interest "is in fact different from that of the [governmental entity] and that the interest will not be represented by [it.]" *Hopwood v. Texas*, 21 F. 3d 603, 605 (5th Cir. 1994) (per curiam) (citations omitted). The State Bar of Texas regulates the practice of law. I do not represent McKool Smith P.C. and none of my clients appear to have complained to the State Bar of Texas or Chief Discplinary Counsel about my practice. To the contrary, my clients have signed affidavits stating that I am great lawyer and the State Bar of Texas should stop harassing me. The interest of the District Disability Committee is supposed to be to determine whether the attorney suffers from a disability to the required extent after the Chief Disciplinary Counsel alleges that it reasonably

believes the attorney suffers from a disability to such an extent that it poses a threat of irreparable harm to clients and potential clients, which has not yet been alleged against me.

The second presumption of adequate representation arises when prospective intervenors have the same ultimate objective as a party to the lawsuit. *Edwards*, 78 F.3d at 1005. To the contrary, I show "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.* (citing *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 757 (5th Cir. 1995).

I show McKool Smith P.C. and/or the State Bar of Texas, its subdivision and the Board of Disciplinary Appeals and District Disability Committee had an adverse interest or that it was guilty of collusion or a failure to act when a duty to act existed.  The fact that Jolene Bartlett signed an affidavit instead of the required Chief Disciplinary Counsel proves collusion and failure to act when a duty to act existed.  Further, the State Bar of Texas is bound by a constitutional mandate not to discriminate against women on the basis of their sex, against speech or against privacy interests, due process, access to the courts and a jury trial, etc.

I have a right to the above, including my vested property right in my law licenses and my right to sue for redress where I have a statutory and Constitutional right to sue, in that particular time, place, and manner, and I was deprived of those rights based on a particular viewpoint when the Board of Disciplinary Appeals transferred my cases and sought dismissal of my cases. *See Widmar v. Vincent,* 102 S. Ct. 269, 274 (1981). The public interest, which the Board of Disciplinary Appeals and State Bar of Texas is required to serve, cannot work to deprive a lawyer of her right to sue her former client or former employer after they hurt her physically and victimize her with domestic violence. *See Congregation Lubavitch v. City of Cincinnati*, 923 F.2d 458, 460 (6th Cir. 1991).  If the State Bar of Texas was concerned about my mental health,

they should have been concerned immediately after I was raped, injured and hospitalized, not a year later when I have proven that I am of sound mind, competent at practicing law and have attempted to file 10,000 or however many pages of complaints, motions, and evidence that I was sexually harassed, trafficked for sex and physically abused during my employment with McKool Smith P.C. and afterward by Leslie Ware and Samuel Baxter, and McKool Smith P.C. filed a grievance against me only after I sued and failing to allege any professional misconduct or disability.

"It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit." *Edwards*, 78 F. 3d at 993 (citing *Marino v. Ortiz*, 108 S. Ct. 586, 587-88 (1988); *Karcher v. May*, 108 S. Ct. 388, 391-93 (1987). Because the court appears to have granted the motion to intervene, the court may have jurisdiction to rule on my motion to vacate any orders, judgments, for new trial, and for stay of enforcement of alleged orders.

*Attorney Fees*

I submit an Affidavit and my certificate of attorney stating that I expended roughly 5000 hours in answering to the allegations against me and request an award of an additional $1,750,000 in attorney's fees from the State Bar of Texas. Normally a successful litigant lS entitled to recover interest on damages awarded in a Final Judgment. 28 U.S.C. § 1961(a). Accordingly, I request to recover postjudgment interest at the maximum rate per annum from September 10, 2010, on the original award and on the additional award.

*Conclusion*

For at least the reasons stated above, I respectfully request this Court to grant the relief I have requested.

Dated: Feb. 9, 2015               Respectfully submitted,


                                  /s/Chelsea L. Davis
                                  Chelsea L. Davis, *pro-se*
                                  TX BAR NO. 24059652
                                  25 Highland Park Vlg., Ste. 100-830
                                  Dallas, TX 75205
                                  Telephone:  (469) 426-5850
                                  Facsimile: (469) 533-0466
                                  cdavis@chelseadavispc.com


## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically, sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a.  I hereby certify that I have served this instrument on all counsel and/or pro se parties of record electronically by email, by overnight mail and/or by facsimile, or, as a pro-se party, on the date it is electronically docketed in the entity/court's CM/ECF filing system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Feb. 9, 2014               /s/Chelsea L. Davis
                                  Chelsea L. Davis, *pro-se*

## CERTIFICATE OF CONFERENCE

I certify that no certificate of conference is required herein.

Dated: Feb. 9, 2014               /s/Chelsea L. Davis
                                  Chelsea L. Davis, *pro-se*

10