**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHELSEA DAVIS,** ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:15-CV-0437-G-BH | |
| ) | | |
| **McKOOL SMITH PC,** ) | | |
| Defendant. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's *Motion to Proceed In Forma Pauperis*, filed February 9, 2015 (doc. 3). Based on the relevant filings and applicable law, the motion should be **DENIED**, and she should be ordered to pay the applicable fees.

**I. BACKGROUND**

Chelsea L. Davis (Plaintiff) filed this case and moved to proceed *in forma pauperis* (IFP) on February 9, 2015. Since then, she has filed four new lawsuits and paid the total $400 filing and administrative fees for each case. *See Davis v. Southern Methodist University, et al.,* No. 3:15-CV-488-P (BF); *Davis v. Crow,* No. 3:15-CV-493-N (BK); *Davis v. Ware, et al.,* No.3:15-CV-495-B(BF); and *Davis v. Ware,* No. 3:15-CV-515-D (BK).

**II. IN FORMA PAUPERIS**

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including

whether the expenses are discretionary or mandatory." *Id.*

Here, Plaintiff has been able to pay $1600 in filing fees for cases she filed after she moved to proceed IFP in this case. She has not shown that she will suffer undue financial hardship after payment of the $400 filing and administrative fees in this case, and her motion to proceed *in forma pauperis* should be denied.

### III. RECOMMENDATION

Plaintiff's motion to proceed *in forma pauperis* should be denied, and she should be ordered to pay the applicable fees. If she does not, the case should be dismissed for failure to prosecute or follow a court order.

**SIGNED** on this **16th day** of **February, 2015**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE